JUDGE ELLIOTT
delivered the opinion oe the court.
In the autumn of 1877 Edward Myall, having obtained a judgment in the Quarterly Court for Bourbon County against John Moreland, caused' an execution to issue thereon, which, on the 18th of November of the same year was levied on the corn standing on about thirty-five or forty acres of land belonging to Margaret Moreland, the wife of the defendant in the execution.
The officer, before the day of sale, required a bond of indemnity, which was executed by appellees, and the corn having- been sold and bought by Mrs. Margaret Moreland, she brought this action on the covenants of the bond of indemnity, and seeks to recover such, damages as she has sustained by reason of a sale of her property, as she claims, to pay her husband’s debts.
Mrs. Moreland derived her title to the land, on which the corn grew, by the last will of her deceased father, and as the devise of the land was not to her separate or exclusive use, her real estate was a general and nót a separate one.
It is said by appellants that the conduct of the husband in taking no control of the farm, and assuming no ownership of any thing on it, or produced by it, made the property levied on her separate estate.
The petition alléges that John Moreland has never taken any control of the farm, or any part in its management, and has assumed no ownership, possession, or control of its products, and has for years constantly recognized his wife’s separate ownership of and separate estate in the products of the farm, and that any interest of his in the property, he has, by his failure to take possession thereof, and in the most public manner, settled upon his wife.
If the corn in dispute grew upon land in which the wife had a general and not a separate estate — and the statute does not shield it from levy and sale for the husband’s debts — then *477 the averments in the plaintiff’s petition do not make out such, a separate property in the female plaintiff in the corn as to enable her to maintain this action.
It is true that it is asserted that John Moreland took no control, and recognized his wife’s ownership of every thing on her farm. And it is also true that her petition states that her husband has at all times, without taking possession of the property or her premises, and in the most solemn manner settled the same on her. These allegations are insufficient.
The failure of the husband to take possession of the personal estate of his wife does not divest him of the title to it, and the allegation that he settled such property on his wife is a mere conclusion of law. It was the duty of the female plaintiff to allege and prove that either the corn levied on was her separate estate, independent of the relations between her and her husband, or that, if it was her general estate, then that she had, by a contract with her husband which was positive, unmistakable, and unequivocal, been vested with a separate estate therein.
Indeed it would almost be impossible to vest the products of a farm in the wife by any parol agreement with the husband, where they both lived on such farm, for the possession of the property would, by presumption, be in the husband, and if there was a private agreement vesting such property in the wife, it would enable the husband to perpetrate frauds by the obtaining of credit on the faith of the property of which he was apparently in possession.
If he could vest his wife with a separate estate, under such circumstances, his intention should be not only manifested by a contract unequivocal in its nature, but there should be an open change of the possession from the husband to the wife, for as he resides on the farm, he, and not she, is in law presumed to be in the actual posséssion of all the property on the farm, to which he has the legal title. '
*478 Although the statute exempts the wife’s real estate or its rents from her husband’s debts, it does not change the rule of the common law, that all personal property belonging to the wife at her marriage, or acquired by her afterward, belongs to her husband by reason of the marital relation, unless such property be the separate estate of the wife.
As the title she acquired to the land only vested in her a general estate therein, all the personal property which she acquires, by its production or otherwise, belongs to her husband by the rules of the common law, and these rules have not been abrogated, but only modified so as to exempt the rent of the wife’s land from the husband’s debts. The title to all' the wife’s personal property, although acquired after the marriage, vests in the husband, unless she has a separate estate therein.
The annual unsevered fruits of the natural production of the earth, as trees and the like, or annual yield of its spontaneous production of grasses, etc., before severed, adhere to and in law are considered a part of the realty; but annual crops of grain, which are planted or sowed to be in due season severed from the soil, are not and never have been considered as real property.
By our statute corn is treated as personalty, and its sale prohibited till after the first of October, so as to give it time to mature.
By Allowing the construction of the statute exempting the rents of the wife’s land, etc., as contended for by the appellants’ counsel, all the property raised on his wife’s premises, although acquired by his' skillful management, energy, and toil, can be shielded from the husband’s debts. The language of the statute will not bear such a construction.
These views of the questions presented by this record are in harmony with the cases of Craddock v. Riddlesbarger, *479 2 Dana, 205, and Penn v. Young, &c., 10 Bush, 628, and other cases on the same subject.
We are therefore of the opinion that the lower court acted properly in sustaining the defendants’ demurrer to the plaintiff’s petition.
Wherefore the judgment is affirmed.