## W. W. TRIMBLE v. W. T. REDMAN, ET AL.

**Husband and Wife.**

It is only when the legal right of the husband has not been perfected that the court can intervene to protect the wife against the claim of his creditors; but a husband, by reason of his marriage, has a right to the use of his wife's land, and when they reside on the land and cultivate it he has a legal right to the produce of the farm, and such property is subject to the claims of his creditors.

APPEAL FROM HARRISON CIRCUIT COURT.

March 25, 1880.

OPINION BY JUDGE COFER:

Marriage gives to the husband the right to the use of the land of the wife, and where they reside upon her land and it is cultivated by or under the control of the husband, the produce belongs to him and not to her. Creditors of the husband have no right to insist that he shall exercise his right and claim the use of his wife's land, but, if he does so, the use becomes his, and the produce of the land is in no sense the property of the wife. She has no more right to the produce raised by the husband upon her general estate than she would have to hogs or cattle or wheat purchased by him with her money previously reduced to his possession in the exercise of his marital right. It is only when the creditors of the husband undertake to subject property of the wife, to which the husband has not perfected his legal right, that the wife may interpose to claim a settlement.

.The error in the argument of counsel consists in the assumption that the husband's legal right to the wheat was incomplete, and therefore that the debt for the price was a mere chose-in-action. If the wheat had not been sold by the husband, the case of *Moreland v. Myall*, 14 Bush 474, would be authority for holding that it was subject to seizure under an execution against the husband; and it certainly cannot be maintained that, if the wheat was subject to sale under execution against him, he has not a legal title to the price. It is only when the legal right of the husband has not been perfected that the chancellor can intervene to protect the wife against the claim of his creditors. That is not the case here, and however much the court may sympathize with the wife and children of an insolvent husband and father, we can do nothing more or less than to decide the law as we find it.

Judgment *reversed* and cause remanded with directions to render judgment subjecting the sum in contest to the satisfaction of appellant's debts.

*A. Perrin, for appellant.    J. L. Ward, for appellees.*