RUSSELL PADGETT, ET AL., *v.* HELEN KIMBROUGH.

[Abstract Kentucky Law Reporter, Vol. 1—353.]

**Husband and Wife—Husband's Creditors.**

Where a wife owning real estate joins her husband in its sale and conveyance, and he receives the proceeds, invests it in personal property and is permitted to use, trade and sell the property, the wife cannot assert ownership in such property as against the husband's creditors.

APPEAL FROM HARRISON CIRCUIT COURT.

October 13, 1880.

OPINION BY JUDGE PRYOR:

The bond upon which the liability of the surety depends recites the fact that the execution had been levied, and the property sought to be sold claimed by the wife of the debtor; and this admission having been made by the obligors, the only issue to be tried was "whether Mrs. Kimbrough was the owner of the stock and crop levied on by virtue of the execution." The fact of the execution, the levy, &c., was not in issue because it was by reason of execution and levy that the claimant was permitted to give the bond. The evidence in this case is conclusive in favor of the creditor. That the house and lot in Cynthiana belonged to the wife is conceded, but upon the sale of that property the money was taken possession of by the husband, and although, as between the husband and wife, it was understood to be the wife's money, and the husband an agent for her, yet he was permitted to use, trade, buy and sell with this money until most of the property levied on was the result of the investments made by the husband.

The land was rented by the wife with her brother as surety; still, the husband cultivated or assisted in cultivating the crops, and was in fact the ostensible owner of all the property. This is another in-

stance where the wife is trading and contracting as a *feme sole* without any authority· from the chancellor. There was, so far as creditors 'are' concerned, a complete conversion of the proceeds of the wife's real estate by the husband, and after using the money, by purchasing stock and making other investments of which he is the apparent owner, the understanding or agreement between himself and wife constitutes no barrier to the claims of creditors. See *Uhrig v. Horstman,* 8 Bush 172; *Moreland v. Myall,* 14 Bush 474.

The lien of the landlord, if· he has any, ·may·be enforced, or the surety protected to that extent, if any lien exists. It was the general estate of the wife that was sold by the husband and wife originally, and the proceeds he has been using for several years; and as against the claims of creditors it is now attempted to impress the property (personal) in which these investments have been made with the character of separate estate in the wife. This cannot be done upon such facts as are presented by this record. If the wife desires to trade as a *feme sole,* and to appoint her husband as the agent, the mode of doing so is provided by the statute.

. Judgment *reversed* and cause remanded for further proceedings.

*T. T. Forman, W. H. Ratcliffe, for appellants.*

*J. Q. Ward, for appellee.*