Mundo, &c., v. Anderson.

CASE 21—ACTION ON A WRITTEN CONTRACT AGAINST A MARRIED WOMAN
AS SURETY FOR HER HUSBAND—OCT. 11.

# Mundo, &c., v. Anderson.

APPEAL FROM HENDERSON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF'S APPEAL. REVERSED.

HUSBAND AND WIFE—STATUTE ENLARGING POWERS OF MARRIED WOMEN
—RETROSPECTIVE OPERATION..

Held:   Where a married woman, prior to the married woman's act of 1894, had obtained a decree of court conferring upon her the powers of a single woman, as was authorized by the law then in force, that act did not take from her the power to bind herself as her husband's surety, though it declares, in effect, that a married woman shall not have that power, as the purpose of the act was to enlarge, and not to restrict, the powers of married women.

MONTGOMERY MERRITT, ATTORNEY FOR APPELLANTS.

1. The question involved in this appeal is, whether the married woman's act of 1894, repealed or nullified the decree of court

previously granted, confirming upon the appellee, Addie Anderson, the rights of a *feme sole*.

2. There is nothing in the act that indicates that it was intended to be retrospective.

3. The judicial department of the government is independent of the legislative, and its judgment can not be affected or modified by legislation. Their judgments can be vacated or set aside only by a judgment of court. Married Woman's Act of 894; Skinner v. Carr, 51 S. W. Rep., 799; Hart v. Grigsby, 14 Bush, 542; Sypert v. Harrison, 88 Ky., 463; Turner v. Gill, 49 S. W. Rep., 314; Lawrence v. City of Louisville, 96 Ky., 599; Black on Judgments, Vol. 1, sec. 298.

4. A married woman once made a *feme sole* by decree of court has all the rights of an unmarried woman, until that decree is set aside by some sort of judicial proceeding.,

W. P. McCLAIN, ATTORNEY FOR APPELLEE.

1. We hold, and the lower court so decided, that the Weissinger law absolutely and *in toto* repealed the former act.

2. A judgment of a court, creating a married woman a *feme sole*, is not a contract, and such a judgment does not make the Weissinger Act unconstitutional on the ground that it impairs the obligation of contracts.

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

The appellee, Addie Anderson, is and was the wife of George W. Anderson on November 15, 1897, when she signed a contract as his surety to the appellants. Previous to the enactment of what is known as the "Married Woman's Act," which took effect in 1894, the appellee obtained a judgment of a court of competent jurisdiction, in a proceeding to which her husband was a party, conferring upon her all the rights and powers of a single woman. That proceeding was had under the provisions of the General Statutes. At the time she signed the contract in question she had, under the repeated adjudications of this court, the power to become obligated as her husband's surety. The question here for solution is, did the married woman's act, which, in effect, declares that a married wo-

man shall not become liable as her husband's surety, affect the right of the appellee, which had been granted to her by the judgment? It emancipated wives from the disability of coverture, not generally, but in a qualified way. It conferred upon married women rights that had not previously existed. It secured to them rights in personal property which they owned at the time of marriage, and such as they might thereafter acquire. It authorized them to make contracts and bind themselves generally as single women. The principal qualification was the refusal to allow them to become bound as sureties for their husbands or others, and to convey their real estate without their husbands joining with them. Nor could they do either under the law in force at the time of its enactment, except the right to do so had been adjudged them. So this act almost removed the disability of coverture so far as it affected the ownership and management of their property. It was not intended as a restriction upon their rights, but to enlarge them. Under the old law, which was not so liberal to a married woman as the present one, she could, upon application to a court of competent jurisdiction in proper showing, secure all the rights of a single woman, thus enabling her to engage in business as a single woman could do. In Rose v. Rose (Ky.) 46 S. W., 524, this court held that the act of 1894 was not retrospective. There is no language employed in it showing any intention upon the part of the Legislature to disturb the rights of that class of married women who had secured those of a single woman by judgments of a court of competent jurisdiction. In all such cases there were special reasons why they should be permitted to use and dispose of their own property and make contracts as single women. Presumably, the same reason existed when the act of

1894 was passed. Section 2128, Kentucky Statutes (part of that act, in a general way), defines the rights of married women in acquiring and disposing of property, making contracts, etc. The beginning of the section is, "A married woman may take, acquire." etc. Again, it says, "She may make contracts, sue and be sued,' etc. The language employed shows that the purpose of the act was to confer additional powers upon married women generally, not to restrict rights existing in a certain class of married women. There are no words in the act which show that the Legislature had intended to disturb the rights of such married women; neither is there a necessary implication from the language employed that such was the intention. As the evident purpose of the act was to increase the rights of married women as they existed under the statute in force at the time this act was passed, we must conclude that it was not intended to interfere with rights secured to them by judgments. Having reached this conclusion, it is unnecessary to enter into a consideration of the question as to whether the Legislature has the constitutional authority to deprive a married woman of a right which she had obtained by a judgment of a court. The judgment is reversed for proceedings consistent with this opinion.