Chief Justice Robertson,
delivered the opinion of the court.
JKi.iz tuETii CoimTíut filed her bill gainst George W. Dashiel, for a decree for dower, in a tract of land, containing ninety nine acres. The bill charges that her husband was seized of the land; and conveyed it during her coverture lo W illct, tvho had conveyed it to Dashiel. That her' husband had died, and that she was entitled to dower in the land.
The answer does not deny the conveyance to Willet; and admits that Dashiel holds under Willet; but it re *602 ■quires proof of Michael Collier’s title, and of the ap* pellee’s right to dower, as his wife.
If'ülienee of a husband acquired his right to, -and possession of the land from the deed of the husband, he cannot, when sued by the widow for dower, deny the seizin of the husband.
The marriage, and death are proved. It is also proved, that Michael Collier lived on the land many years, claiming it as his own, prior to his sale of it to Willet; and that the appellee was his wife at the date of the conveyance to Willet. The deed to Willet was signed and acknowledged by two other persons, as well as by Michael Collier, and acknowledges the consideration of one dollar only.
The circuit court decreed that the appellee was entitled to dower in one third part of the ninety-nine acres; and appointed a commissioner to make the assignment.
The appellant urges two objections to the decree.
1st. That there is not sufficient evidence of the seizin of Michael Collier.
2d. That the decree is for too much.
1st. There is no' positive proof of Michael Collier’s seizin. But if Willet acquired the possession and the right from him,in consequence of the conveyanceby him and others, the appellant, as he holds under Willet, cannot as to the appellee, deny the seizin of Collier; Hitchcock vs. Harrington, VI Johnson’s Rep. 293; Hitchcock vs. Carpenter, IX Ibid, 345.
As the deed to Willet, is for only a nominal consideration, and -without warranty of title, it might not be ■improbable, that he held a superior title to the land, independently of the claim derived from this conveyance; and did not hold nor acquire right or possession under Collier.
If this had been made to appear, the appellee would not be entitled to dower. But the answer does not intimate that Willet had any other title to the land than that derived from Collier and his co-vendors. The legal inference is, therefore, that the only title Willet had, he acquired from Michael Collier and his associates; and consequently, the circuit court was authorized to dispense with any other proof of M. Collier’s seizin, than the legal implication resulting from the pri-vity of estate.
2d. As the conveyance to Willet was executed hy fwo other persons, as well as by Michael Collier, the *603 legal presumption, in the absence of opposing facts, is, that the vendors were joint tenants or tenants in common; and that consequently, Collier was entitled to only one third of the land. As there is no proof tending to show that he was seized of more than -a third, the appellee can demand dower in only one third; or in other words, she is entitld for life,-to one ninth part of the nihety-nine acres. The circuit court decreed no more.
Deed execut’d by two or more vendors, the. legal presumption, in the absence of opposing facts is, that the vendors were joint-tenants, or tenants in common. If the value of land, aliened by the husband, has been enhanced by improvements made by the alienee, the widow is entitled to dower only according to the value of the land without such improvements.
Monroe, for appellant.
If the valúe of the land has been' enhanced by improvements made upon it since the conveyance to Willet, the appellee would be entitled to dower, only according to the value, without such improvements. Perkins, Title, Dower, sec. 328; Co. Lit. Lib. 1, note 193, by Hargrave; Dorchester vs. Coventry, (XI Johnson, 512,) Shaw vs. White, XIII, Ibid, 180; Dolf vs. Basset XV Ibid, 23.
As the circuit court directed one ninth of the tract, as it is, to be assigned to the appellee, injustice-will result to the appellant* if valuable improvements have been made on the land since the conveyanc to Willet. But there is no proof, nor even allegation that any such improvements have been made. And therefore, it does not appear that, in this respect, there is any error in the decree. ■
Wherefore, it is considered by the court, that the decree of ,the circuit court is just and proper, and it is therefore affirmed.