CASE 100—ACTION TO RECOVER DOWER.—MARCH 5.

# Smallridge v. Hazlett, &c.

### APPEAL FROM BOYD CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS.  AFFIRMED.

DOWER—LAND HELD BY EXECUTORY CONTRACT—SEIZIN OF HUSBAND—
   ESTOPPEL OF PURCHASER.

Held:  1. Under Kentucky Statutes, section 2142, providing that, "if
the husband held land by executory contract only, the wife shall
not be endowed of the land, unless he owned such equitable right
at his death," the wife is not entitled to dower in land which the
husband held under title bond, but sold and conveyed to anoth-
er before his death.

2. An occasional cutting of timber and tanbark by the husband
upon an uninclosed tract of wild land, and the listing of the
land for taxation in his name, is not sufficient evidence of seisin
to vest in him the fee, so as to entitle the wife to dower.

3 A purchaser from the husband is not estopped by the husband's
deed from explaining the nature of his seisin, and showing that
it was not of such a character as entitled his wife to dower.

JOHN J. MONTAGUE AND C. L. WILLIAMS, FOR APPELLANT.

The plaintiff's husband died in July 1897, and she brings
these suits against L. C. Hazlett, W. R. Fisher and W. H.
White in March 1900, to have dower assigned to her in the land
conveyed to them by her husband in 1873 and 1877 in which
conveyances she did not join, she being his wife at the time
said conveyances were made, and his widow now.  They have
no other title to said land besides the deed made to them by
her husband, except a warrant for forty-four acres that L. C.
Hazlett procured after his previous purchase thereof from her
husband, C. P. Smallridge.  It is shown by the record that her said
husband and those claiming under him, that, is, these defendants,
have had the adverse possession of said land from 1859 to 1900.

The defendants claim that in order to have dower in land the
husband must have a legal title to the land at the time of his
death.  The plaintiff's contention is that her husband had the
actual possession thereof for nearly eighteen years before he
sold to the defendants, and they accepted deeds from him and

Smallridge v. Hazlett, &c.

have no other title—that her husband was then the owner of the fee full and complete and dower would have attached had he died at the date of said sale.

## AUTHORITIES CITED.

Dashiel v. Collier, 4 J. J. Mar., 601; 2 Scribner on Dower, 231; Wall & Burnsides v. Hill, 7 Dana, 172; Anderson, Trustee v. Sterrett, 3 R., 377; Yeo v. Mercereau, 3 Harr. N. J., 387; Adkins v. Merrell, 39 Ill., 62; Bell v. Pugh, 2 T. B. Mon., 225; Eubank v. Eubank, 7 R., 291; Hall v. Campbell, 5 R., 246; Gully v. Ray, 18 B. Mon., 87; Hamilton v. Hughes, 6 Marshall, 581; Garton's Heirs v. Bates, 4 B. Mon., 366; Williams v. Williams, 89 Ky., 381; Fritz v. Tudor, 2 Duv., 174; Brewer v. Vanarsdall's Heirs, 6 Dana, 204.

THOMAS R. BROWN, FOR APPELLEES.

It was stipulated between the parties that these three actions should be heard together.

Plaintiff alleges in her petitions that during the existence of the marriage relation her husband was seized with the title in fee to said lands and conveyed them, and in which conveyance she did not join. The appellees each denied this allegation of seizin with title in the husband.

The lower court, on hearing, dismissed her petition in each case, and she has appealed.

The only showing of title in her husband was what purported to be a title bond to him for 204 acres of land by M. T. Bolt agent of R. Apperson. That paper was an executory document only and there was an utter failure to show that her husband ever paid the purchase money, agreed to be paid, or that Bolt was the agent of Apperson, or that Apperson was the owner of the land or was the agent or in any way connected with the title of Taylor, the original grantee thereof. Her statements of possession are mere conclusions—the facts showing that her husband went upon these lands occasionally and got some house logs, some rail timber and some tanbark, and that said land did not adjoin his other land on which he resided and had title.

Our contention is:

1. A failure of proof to sustain the allegation that appellant's husband was seized with title in fee.

2. No possession of the character or length of time sufficient to give legal title.

3. That her husband at most never had other title than an

executory contract, and parting with that before his decease, his widow under sec. 2142, Kentucky Statutes has no dower therein.

4. The defendants are not estopped by the deeds of her husband to them, to question her right to dower.

### AUTHORITIES CITED.

Kentucky Statutes, sec. 2142; Hawkins v. Page's Heirs, 4 B. Mon., 137; Bigelow on Estoppel, p. 271-3; Hamilton v. Hughes, 6 J. J. M., 582; Hood v. Ford, 16 B. M., 114; Gully v. Ray, 18 B. M., 113.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

The plaintiff brought this action to recover dower in four separate tracts of land in the possession of the appellees, which she alleges her husband had in his possession for 17 years before his death under a bond for title from the heirs of one Taylor, but which he sold and disposed of previous to his death. From the evidence in this case it appears that the tract of 204 acres of land in which the plaintiff sought dower is within the limits of the grant from the State of Virginia to one Taylor of 17,800 acres, issued in 1788, and that on the 5th day of January, 1859, M. T. Bolt, as agent for Richard Apperson, who held a power of attorney from the Taylor heirs, sold by executory contract the 204 acres to C. P. Smallridge, the deceased husband of plaintiff, and executed to him a bond for title, in which it was agreed that Apperson would convey or cause to be conveyed the tract of land by deed, upon the payment by Smallridge of $244.80, the purchase money thereof. There is no evidence in the record that Apperson ever complied with the title bond of Bolt by the execution of the deed to Smallridge. It further appears that the land was never actually occupied, inclosed or cultivated by Smallridge during his alleged ownership under the title bond from Bolt. But it does appear that he occasionally cut trees and tanbark therefrom, and listed it for taxation in his own name until about the year

1877, when he sold and conveyed it by general warranty deed to the appellees, who took possession thereunder, and have so continued until the institution of this suit. The defendants resisted recovery upon the ground that the plaintiff, under this state of facts, was not entitled to dower. Upon final submission, the circuit judge dismissed plaintiff's petition, and she has appealed.

By the common law the wife was not entitled to dower in land to which her husband had an equitable title, merely, and which he sold and disposed of before his death. See Hamilton v. Hughes, 29 Ky., 581. And the Kentucky Statutes (section 2132) provides that: "After the death of the husband, the wife shall be endowed for her life of one-third of the real estate whereof he, or any one for his use was seized of an estate in fee simple at any time during the coverture, unless her right to such dower shall have been barred, forfeited or relinquished." And section 2142 of the Kentucky Statutes provides: "If the husband held land by executory contract only, the wife shall not be endowed of the land, unless he owned such equitable right at his death." In our opinion, these sections of the Kentucky Statutes, which were also sections of the Revised Statutes, do not change the common-law rule in so far as it requires that there must have been actual seisin of an estate in fee simple of lands by the husband during coverture, to entitle the widow to dower. See Fontaine v. Dunlap, 82 Ky., 321 (6 R., 201); Gully v. Ray, 18 B. Mon., 107; Dean's Heirs v. Mitchell's Heirs, 27 Ky., 451. And an occasional cutting of timber, tanbark, etc., upon the uninclosed tract of wild land, is not sufficient evidence of seisin to vest the husband of an estate in fee simple.

But the appellant contends that, as the appellees acquired their right to and possession of the land from the deed

of her deceased husband, they can not, in a suit for dower, deny his seisin of the land so held by them. And this contention seems to be supported by the early case of Dashiel v. Collier, 27 Ky., 601. This case was decided before the enactment of section 2142 of the statutes. And in the case of Gully v. Ray, 18 B. Mon., 107, in a very careful and well-considered opinion, it was held: "The purchaser was not estopped by the husband's deed from explaining the nature of his seisin, and showing that it was not of such a character as entitled his wife to dower in the land." And this conclusion seems to us more in accordance with the spirit both of the common law and the subsequent statute.

Wherefore the judgment dismissing plaintiff's petition is affirmed.