CASE 74—ACTION BY E. W. BLUE, &C. AGAINST R. M. WATERS FOR
SPECIFIC PERFORMANCE OF A CONTRACT FOR THE SALE OF REAL ES-
TATE.—JAN. 30.

# Blue and Others v. Waters.

APPEAL FROM JEFFERSON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFFS APPEAL.—REVERSED.

INFANTS—PARTITION OF REAL ESTATE—NOT PARTIES TO ORIGINAL AC-
TION—SUBSEQUENT APPROVAL.

Held: 1. Though under Civ. Code, section 499, infants are nec-
essary parties in partition of real estate held jointly by them
and others, yet, though they were not made parties, an adult, to
whom part of the land was allotted, having instituted suit for
special performance of her contract of sale to a third per-
son, and they being made parties by cross-petition of the de-
fendant, and their guardian having filed an answer, alleging
that the partition was advantageous to them, the chancellor may
in such suit, on proof that the partition was equal and just, ap-
prove of the partition.

OLIVER H. STRATTON AND J. B. McCORMICK, ATTORNEYS FOR AP-
PELLANTS.

The questions to be considered by the court are:

1. Had the Louisville chancery court any jurisdiction to par-
tition real estate at the suit of the executors of a decedent's es-
tate?

2. Whether or not the heirs of Sarah B. Weller, to-wit, Ber-
nard Weller Coldewey and Anton Weller Coldewey, were prop-
erly before the court?

3. Was the partition in said suit valid?

(1) It is shown that while John C. Weller and George P. Wel-
ler, as executors, had no interest in the real estate, they did, as
heirs of Sarah B. Weller have an interest therein and were equal-
ly interested therein with all the other defendants, and I take it
that where the executors are also heirs and devisees the court
would have jurisdiction to partition the estate. At any rate, all
the parties to this suit who were *sui juris*, having accepted said
partition are now estopped to question it.

(2) While it is true that the infants were not regularly
served with process, the record shows that they were repre-

sented is' said action by their father and guardian, 'W. G. Colde-
wey, and it is provided in section 499, Civil Code, subsection
2, that in suits for partition of real estate as to persons under
disability, that a guardian may appear and defend for his ward,
and,

3. In a subsequent proceeding, as is the case at bar, W. G.
Coldewey, father and guardian of these children, being be-
fore the court by constructive process, and represented by a
guardian *ad litem*, having filed his answer adopting the par-
tition made in the old suit alleging that it was fair and just
and to the interest of the infants, the division therein made
should stand and thus avoid the expense of another division,
especially, as in this case, where there is a large fund out of
which the respective shares could be and were equalized.

## AUTHORITIES QUOTED.

Sec. 2348, Kentucky Statutes; sec. 52, John D. Carroll's Civil
Code; Webber v. Webber, 1 Met., 18; Lloyd v. McCauley, 14 B.
Mon., 535; 80 Ky. Rep., 64; Beverly v. Perkins, 1 Duv., 251;
Waters v. Chinn, 1 Met., 499; Hughey, &c. v. Sidwell's Heirs,
18 B. Mon., 261; Cheatham v. Whitman, 86 Ky., 614; Subsec.
4, sec. 80, Bullitt's Civ. Code (last Rev. Ed.); Bouv. Law
Dic., ed. of 1862, vol. 1, p. 50, title, accumulative judgments;
sec. 1402, Kentucky Statutes; Hardin, 366; 3 Marshall, 381; 4
Mon., 370; 1 Marshall, 77; 3 Mon., 31; 5 Mon., 355; 6 Mass.
R., 421; Tye v. Tye, MSS. Opin., Sep. 23, 1902, and Locknane
v. Hoskins; Smith and Wife v. Payne, 2 Bush, 589 (Oct. 5,
1866) and the numerous cases cited for appellee in that case;
2 Sugden on Powers, 3-4-5-6-154-232, etc., sec. 391, Civ. Code,
as to infant's right to show cause, &c., within twelve months
after attaining twenty-one years of age. Allen v. Troutman, 10
Bush, 61; Park v. Bellenger, 10 R., 303.

C. H. SHEILD, ATTORNEY FOR APPELLEE.

In this action by Mrs. Blue and husband against Mrs. Wa-
ters, to enforce specific performance of a contract, the appel-
lee, Mrs. Waters, believing that Mrs. Blue could not give her
a marketable title, sets up three matters of defects in the title
of Mrs. Blue to the property which she contracted to take.

1. That Mrs. Blue acquired her title by devise from her
mother to a one-seventh undivided interest in the real estate
of her deceased mother (the lot in question being part thereof),
which was divided by a proceeding had in the Louisville chan-
cery court in action No. 27995 of Sarah B. Weller's Executors
v. Elizabeth Blue, &c., and that the court in a suit brought by
said executors had no jurisdiction to make the division.

Blue and Others v. Waters.

2. Because the infant heirs of Sarah B. Weller, to-wit, Bernard Weller Coldewey and Anton Weller Coldewey were not parties to said suit and were never before the court in the *division suit*.

3. Because there being seven equal parts, the executors who were themselves equal owners with the other heirs, caused the real estate to be divided into five parts instead of *seven*, and took out of the personalty a sum equal to the value of the real estate allotted to the five, thus compelling these infant heirs to take in real estate more than they were entitled to, and to pay for such excess out of their proportion of the personal estate, thereby converting their personalty into realty which the court had no power to do. Authority relied on, Wren v. Gibson, 90 Ky., 189.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

We are asked in this appeal to pass upon the sufficiency of the title of appellant Elizabeth Weller Blue to two lots situated on Indiana avenue, in the city of Louisville, which were allotted to her in the division of the estate of her mother, Sarah Weller, and which she has contracted to sell to the appellee, Rebecca Maney Waters. Sarah B. Weller, by will, which was duly probated in the Jefferson county court on the 13th day of July, 1900, after making provision for the payment of her debts, devised all the rest of her estate of every kind and description to her seven children, George P. Weller, Laura A. Sullivan, Elizabeth W. Blue, Mary B. Coldewey, John C. Weller, W. L. Weller and R. L. Weller, equally. After the execution of the will, and before the death of Sarah B. Weller, her daughter Mary B. Coldewey died leaving surviving her husband, William Coldewey, and two sons, Bernard and Anton Weller Coldewey, who were infants under 14 years of age. Her sons John C. and George P. Weller were appointed executors of the will. On the 3d day of December, 1900, the executors instituted a suit in equity in the Jefferson circuit court, making the other children and W.

G. Coldewey, the father and statutory guardian of his in-
fant children, defendants, in which they alleged that testa-
trix was at her death the owner of a number of separate
parcels of real estate in the city of Louisville, which were
specifically described, and the title to which at her death
vested in her children and grandchildren as joint tenants;
that after the payment of the debts there remained $38,-
809.60 in their hands, the proceeds of the personal estate,
and a mortgage note for $2,750, and asked that the entire
real property owned by the testatrix should be devised
between the four adult defendants and the two infants;
and that they should be permitted to retain in money
their entire interest in the estate, and to this end asked
the court to appoint three commissioners to value and
divide the real estate among the defendants, and to re-
port the sum required in cash to make the plaintiffs and
defendants equal in the aggregate value of the estate re-
ceived by them.  The estate of the testatrix was divided
in this proceeding in accordance with the prayer of the
executors, the real estate and mortgage note being valued
by the commissioner at $29,750.  The real estate allotted
to Mrs. Sullivan was valued at $6,300, and each of the
other defendants, in addition to the real estate allotted to
them, received in cash a sufficient amount to make their
interest equal to the valuation placed on the realty allotted
to Mrs. Sullivan.  The infants, Anton W. and Bernard
Coldewey, who were not made parties to the proceeding,
received, in addition to certain specific real estate, $450;
the plaintiffs, John C. and S. P. Weller, were adjudged
$6,300 from the cash in their hands; and the balance of it
was divided equally amongst the heirs.  The lots in this
controversy on Indiana avenue were allotted to E. W. Blue,
who sold them to the appellee, Rebecca Maney Waters,

on the 3d day of March, 1902, and who refused to accept and pay for them. Appellants thereupon instituted this suit for the specific enforcement of the contract sale.

Appellee defended, on the ground that the infants, not being parties to the partition suit, were not devested by the judgment in that proceeding of their title to the lots, and made her answer a cross-petition against the infants and their statutory guardian, whom she alleged were non-residents of the State, and asked that a warning order be issued notifying them of the proceeding. W. G. Coldewey filed an answer as statutory guardian, in which he says that the interest of his wards was promoted by the allotment of the real estate to them instead of money, and asked that the partition made in the former proceeding be approved and confirmed. Upon final submission, the chancellor held that the title was not good, and dismissed her petition, and to reverse that judgment this appeal is prosecuted. The effect of the judgment in the partition suit was to invest a considerable proportion of the personal estate of the infants in realty.

Section 499 of the Civil Code reads as follows: "A person desiring a division of land held jointly with others or an allotment of dower, may file in the circuit court of the county in which the land, or a greater part thereof lies, a petition containing a description of the land and statement of those having an interest in it, and the amount of such interest, with prayer for the division and allotment, and thereupon all persons interested in the property, who have not united in the petition shall be summoned to answer on the first day of the next term of the court. (2) The statutory guardian of an infant, committee of a person of unsound mind, and husband of a married woman, may unite in the petition in the names of and in conjunc-

tion with such infant person of unsound mind, or mar-
ried woman, and if the petition be against an infant, per-
son of unsound mind, or married woman, the guardian,
committee or husband, may appear and defend for them.
If they fail to do so, the court shall appoint a. discreet
person for that purpose."

This section of the Code clearly contemplates that, in a
suit for the partition of real estate held jointly by infants
and adults, the infants shall be parties to the proceeding,
either as plaintiffs or defendants, in order to divest them
of title.   As they were not parties to the original suit filed
by the executors against the other heirs and their father
and statutory guardian, the judgment of partition in that
proceeding was ineffectual to pass their title to the real
estate.   But in this proceeding they were made defend-
ants to the cross-petition of the defendant Waters, and
are before the court by constructive service of process;
and their father, as statutory guardian, has filed an an-
swer in which he says that the partition of the real estate
in the old suit was fair and advantageous to his wards,
and that the investment of a part of their money in real
estate was advantageous and beneficial to them.   If this
answer had been supplemented by other proof showing that
the partition was fair and the investment of the money of
the infants was judicious and advantageous to them, the
chancellor would have been justified in approving the parti-
tion in the old suit.   In the case of Land Co. v. Elliott
(12 R., 812) (15 S. W., 518), it was held that whilst infants
were necessary parties to an action for partition of land
held by them as joint tenants, and that a judgment of
partition in a suit to which they were not parties was
erroneous, their statutory guardian, after they had been
brought before the court, might in open court adopt the

report if the partition was equal and just.  We think that the necessary proof showing these facts can be made in this case without resorting to a new suit for that purpose.

For reasons indicated the judgment is reversed, and cause remanded for additional proceedings consistent with this opinion.