## Sudduth Coal Company v. Gates, et al.

(Decided November 29, 1921.)

### Appeal from Pike Circuit Court.

Infants—Partition—Subsequent Approval.—Plaintiffs, to whom land had been allotted in a partition proceeding, sued to recover on a note executed for royalties due under a lease they had made to defendant. Defendant admitted the debt, but defended on the ground that the partition proceeding in which the land was allotted to plaintiffs was not binding on an infant party for whom no defense was made, and that he had not received his fair share of the joint estate. The answer was made a cross-petition against

the infant, and his guardian filed an answer denying the allega-
tions of the cross-petition, and alleging that the partition was
advantageous to the infant, and that another division would be
against his interests. It was shown by the depositions of several
witnesses that the partition was fair and equitable: Held, that
the chancellor might approve and confirm the partition, and that
the order was binding on the infant.

S. D. STOKES for appellant.

AUXIER, HARMAN & FRANCIS and J. J. MOORE for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

C. M. Gates and Thomas Hatfield sued the Sudduth
Coal Company to recover on a note for $500.00, which the
company had executed for royalties due under a coal
mining lease made by plaintiffs to defendant. The de-
fendant admitted the debt, but defended on the ground
that the property leased formerly belonged to the heirs
of John W. Smith, and that the partition proceeding, by
which the title passed to plaintiffs, was not valid as to the
infant owner, Orville Smith, for whom no defense was
made. The answer further alleged that the partition
was inequitable and that the infant defendant never re-
ceived his full share in the partition suit. A certified
copy of the partition proceeding was filed with the ans-
wer and made a part thereof. The answer was also made
a cross-petition against the infant, Orville Smith, and his
guardian. Thereupon the infant, by his guardian, filed
an answer denying that the partition proceeding was in-
valid as to him, or that he did not receive his full share of
the estate partitioned. He further alleged that the share
which he received in the partition was equal to, if not
greater than, the other shares therein, that it would be
against his interests to have another partition proceed-
ing, and asked that the court confirm the judgment ren-
dered in the partition proceeding. Several witnesses
testified by deposition that the partition was fair and
equitable, and another partition proceeding would be
against the interests of the infant. Thereupon the chan-
cellor entered an order approving and confirming the par-
tition, and rendered judgment in favor of plaintiffs for
the full amount sued for. The coal company appeals.

The record in the partition proceeding in the county
court shows that the infant, Orville Smith, was properly
served with process, but that no defense was made for
him either by his statutory guardian or by another ap-

pointed by the court for that purpose. However, after the report of the division had been filed, it appears that the guardian of the infant appeared in open court and approved the partition, and that the county court confirmed the report after hearing evidence as to the fairness of the partition. While it is conceded that the guardian of an infant, who was not before the court when the partition was made, may, after the infant has been properly served with process, appear in court and adopt the partition if it is fair and just, Kentucky Union Land Co. v. Elliott, 15 S. W. 518, yet it is insisted that the adoption of the report by the guardian of Orville Smith, and the confirmation thereof by the county court, was invalid because the evidence that the partition was fair was not taken by deposition. Whether or not this be true, we deem it unnecessary to decide. In the case of Blue v. Waters, 114 Ky. 659, 71 S. W. 889, where one of the parties, to whom land was allotted, had instituted suit for specific performance of a contract of sale to a third person, and certain infants, who were not parties to the partition proceeding, were made parties by the cross-petition of the defendant, and their guardian filed an answer alleging that the partition was advantageous to them, it was held that the chancellor might in such suit, on proof that the partition was equal and just, approve of the partition. This practice was followed in the present case. The infant was made a party by the cross-petition of the coal company. His guardian filed an answer alleging that the partition was advantageous to him, and asked that it be confirmed. It was shown by the depositions of several witnesses that the partition was fair and equitable, and that another division would be against the interests of the infant. Thereupon the chancellor entered an order approving and confirming the partition. Therefore the order was binding on the infant, and it is immaterial whether the action of the county court in approving the partition was valid or not. That being true, it follows that the plaintiffs are the sole owners of the land leased by the coal company and are entitled to recover on the note.

Judgment affirmed.