82 321
112 844

CASE 52—EQUITY, DOWER.—SEPTEMBER 25, 1884.

# Fontaine v. Dunlap.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. A widow is not entitled to dower in land unless her husband, while they were married, was beneficially seized of it.
2. A guardian authorized by will to sell the land devised to his male ward, executed a bond and received from the vendee the purchase money. Afterwards the ward married and died, leaving a widow. She can not have dower in the land because the guardian had disposed of it, and, at no time since the sale was the husband beneficially seized of it.
3. Although the deed following the authority to sell, described the guardian as executor alone, the reference in the deed to the will gave notice of the authority.
4. The recitals in the deed that an executory contract had been made are competent to show it, inasmuch as appellant joined in them.

B. F. CAMP FOR APPELLANT.

No brief in the record.

Vol. lxxxii.–21

BROWN & DAVIE FOR APPELLEE.

1. The recitals in the deed of A. B. Fontaine, husband of appellant, are evidence against her. (Best on Ev., volume 2, section 542; Wharton on Ev., sections 1039, 1040, 194, 237, 1156; Law Rep., 7 Chy Ap., 776; 113 Mass., 264; 11 Ves., 64; 5 B. & C., 601; 1 Phillips Ev., 367.)

2. Appellant's husband never was beneficially seized of the land during the marriage. His guardian, with power to sell by will, had executed a bond for the land before the marriage. (Oldham v. Sale, 1 B. Mon., 77; Gaines v. Gaines, 9 Ib., 298; Gully v. Ray, 18 Ib., 113; 4 J. J. Mar., 451; 4 Mon., 340.)

3. The failure to insert the proper title of the vendors authorized to sell and convey is immaterial. (64 Mo., 88; 40 Ib., 329; Perry on Trusts, section 511; 1 Story's Reps., 426; 47 Ind., 428; 7 Allen, 397; 32 Conn, 342.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

Aaron Fontaine, Sr., devised 250 acres of land to his four children, Alexander, Henry, Emmeline and Aaron B. Fontaine.

At his death in 1823 they were all infants, the eldest not becoming of age until March 19, 1827.

The will nominated three persons as his executors—only one of whom, however, ever qualified—and also appointed them the guardians of said four children, with almost unlimited power over his estate.

Among other things it provided : " And to those gentlemen as guardians to my said children, or the survivors or survivor of them, I give full power and authority to sell, rent or otherwise dispose of the plantation whereon I live, devised to my four children, whenever they may think it best for the benefit and advantage of my said four children, or the survivor or survivors ; and in all other things to do whatever things as guardians as aforesaid they may think best."

While all the children were yet minors, the acting executor and guardian, with the advice and consent of

the two that had never qualified or accepted the trust, sold the land by executory contract to one Jewell and gave him a bond for a title.

The purchase money was all paid and said devisees received the benefit of it.

They also, upon becoming of age, made deeds of confirmation to said Jewell, with the exception of Emmeline, who had died ; and Jewell having sold the land to one Pope, said three persons named as executors and guardians conveyed the land to him on December 15, 1835, by Jewell's request.

In 1832, and after the sale by executory contract to Jewell, the appellant and Aaron B. Fontaine intermarried ; and he having died on August 29, 1880, she brought this action on December 13, 1880, to recover dower in the one-fourth of said 250 acres of land, and which fourth is now owned by the appellee, Dunlap.

The court below disallowed her claim ; and she is now, by this appeal, and in an equitable action, asking a reversal.

The fact that she united with her husband in two deeds of ratification of the sale to Jewell does not bar her of relief if she is otherwise entitled to it, because when she did so she was a minor; and she has relied upon this fact in her pleadings to escape the effect of her action.

The fact, however, which is fatal to her claim, is that at the date of her marriage her husband was not beneficially seized of the land, and Jewell was then the equitable owner of it. (See 1 B. M., 76, Oldham v. Sale, &c.; 9 B. M., 295, Gaines v. Gaines, &c.; 18 B. M., 107, Gully v. Ray.)

In the cases cited, the husband had, before marriage, sold his land by executory contract, either verbal or written, and conveyed it afterward ; and in this instance the executor or guardian, having the power to sell and doing so, was equally as efficacious to deprive the appellant of dower, as if it had been sold by executory contract by her husband when of age, and before their marriage.

It has been held that if a man, before his marriage, sells his land even by parol, and then conveys it after marriage, that upon his death the widow is not entitled to dower; but in this instance there was a sale before the marriage, by a written contract, by one who had the power to make it, and the husband of the appellant received the benefit of it.

Although but one of the three persons named in the will as executors, qualified, and although he alone accepted the trust of guardian, yet the other two approved the sale of the land and united in it to show their approval; and where a discretionary naked power to sell land is given by the testator to executors so nominated, the acting executor may alone execute it. (See General Statutes, chapter 39, section 9, and 3 Dana, 190, Ross v. Rice's Ex'r.)

It is true, that in the deed made by them, the persons named as executors and guardians in the will, styled themselves as executors alone ; but the same persons named as executors were also named as guardians in the will, and the reference to it in the deed gave notice of the authority under which they were acting ; and the failure of one executing a power to give his proper title does not vitiate his action if he is, in fact, the pro-

·per one to execute it. (Perry on Trusts, section 511 c.)

The sale by the executory contract, however, and not ·the subsequent deed, must determine the rights of the ·appellant, and if this were ·otherwise the appellant ·could not avoid the effect of her husband having, after ·be became of age, ratified the sale and deed by joining, in as many as three confirmatory deeds.

It is urged that the sale by executory contract to Jewell is not shown, as the recitals in the deed by the executor and in the confirmatory deed by the devisees, are the only evidence thereof, and that they were in- ·competent for this purpose.

It will be seen by an examination of them that they ·recite the fact that the sale was made; and the con- ·firmatory deeds by the devisees refer to and speak of the deed made by the executor to Jewell, wherein the ·history of the sale is fully recited; and not only the husband of the appellant, but the appellant herself ' united in two of these deeds; and while, owing to her ·nonage, she is not thereby concluded, yet their recitals and the recitals in the deeds to which they refer are competent evidence to show the sale by executory con- ·tract, because they are not only appellant's statements, ·but those of her deceased husband, through whose title she is now claiming dower.

The verified answer of the appellee alleged that the ·bond to Jewell had been lost, and the statements of the deeds, sanctified by the lapse of nearly half a cen- tury, show that the appellant is not entitled to the relief asked by her.

The recital of a deed in another deed is evidence of the recited deed, if the original is lost, against the party

who executed the reciting deed, or against any person claiming under him. (1 Phillips on Evidence, 457; 1 B. M., 76; Oldham v. Sale, &c.)

The land in contest is now in the hands of an innocent purchaser, who has fully paid for it, and equitable consideration, as well as legal rules, forbid that he should be disturbed.

Wherefore the judgment is affirmed.