## Thomas v. Vallandingham, et al.

(Decided October 18, 1918.)

### Appeal from Owen Circuit Court.

1. Appeal and Error—Finding of Chancellor.—Where an appeal presents only a question of fact which has been determined by the chancellor, the finding of the chancellor will not be disturbed unless it be contrary to the weight of the evidence.

2. Appeal and Error—Finding of Chancellor.—In this case the great weight of evidence appears to sustain the finding of the chancellor and the judgment is affirmed.

T. A. PERRY for appellant.

W. A. LEE for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This action was brought by Reuben Thomas in the Owen circuit court for the settlement of the partnership affairs of the firm of R. Thomas & Company, and to recover of T. T. Vallandingham, R. Gibson Vallandingham, the Cincinnati Tobacco Warehouse Company and the Globe Tobacco Warehouse Company, members of the alleged partnership, $790.00, which he avers was due him from the partnership as part of the profits of the business. According to the allegations of the petition Reuben Thomas entered into a partnership contract with the defendants in December, 1912, whereby the appellees were to provide the money with which to purchase, handle and resell tobacco, and appellant, Thomas, was to purchase, receive and prize the tobacco at the warehouse in Owenton, Kentucky, and then ship it to one of the warehouse companies in Cincinnati, to be resold, and out of the business appellant, Thomas, asserts he was entitled to receive one-fourth of the profits and $1.50 per day for the

time engaged at the work, fifty cents of which daily wage was to be retained by appellees to be applied upon any loss which might be sustained by the partnership, but that he was not to bear any part of the loss of the partnership, if any there was, in excess of fifty cents per day of his wages. Appellees, after denying that either of the warehouse companies were members of the partnership, assert that the agreement between the Vallandinghams and Thomas, which was not reduced to writing, was to the effect stated by Thomas, except that Thomas was to sustain one-fourth of the loss, if any resulted from the partnership, and was to bear his part of the interest charge on money advanced for the purchase of tobacco.

Issue was joined and the case prepared by the taking of a great many depositions. Upon the question of whether appellant, Thomas, was to bear one-fourth of any loss sustained by the partnership, the evidence is very conflicting. Thomas stoutly maintains that he was to participate in the profits but was not to bear any loss greater than the fifty cents on each day's work which he performed in buying, receiving and prizing the tobacco, and that he was engaged in that business for about eighty days, which, at fifty cents per day, amounts to $40.00, and that this sum was retained by the appellees, thereby exonerating him from any further loss of the partnership. He further insists that the partnership made money but that through certain manipulations of the appellees and their associates in the Cincinnati warehouses, the tobacco was not sold for as high a price as was obtainable and the best results to the partnership were not received, and further that the appellees so manipulated the books and accounts of the partnership as to show a loss instead of a profit therein. All this is emphatically denied by the appellees, and much evidence is adduced on the one side to sustain and on the other to refute the several contentions.

The chancellor entered a judgment dismissing the petition of Thomas, and adjudging that he take nothing thereby, and that the appellees, Vallandinghams, recover of Thomas $111.33, being his one-fourth of the loss sustained by the partnership, after giving Thomas credit for the fifty cents per day retained for his services, and all other credits to which he appeared entitled. The court found the facts to be that the partner-

ship contract was between Reuben Thomas and "T. T. Vallandingham and R. Gibson Vallandingham and no others." It is adjudged the two warehouse companies are entitled to recover their cost of Thomas.

This appeal presents but one question, and that is, is the finding of the chancellor upon the facts contrary to the weight of the evidence? We think not. Indeed, we are of the opinion that the weight of the evidence sustains the finding of the chancellor upon the material questions involved.

In this character of case this court is not authorized, to disturb the finding of the chancellor upon the facts if it accord with the weight of the evidence.

Perceiving no error to the prejudice of appellant the judgment is affirmed.