## Kennedy v. Kennedy, et al.

(Decided January 20, 1920.)

### Appeal from Kenton Circuit Court.

Appeal and Error—Finding of Chancellor.—Upon a trial of exceptions to a report of commissioners dividing and allotting lands among heirs, the chancellor overruled the exceptions and confirmed the report after hearing all evidence offered by all the parties. In such case the judgment of the chancellor is entitled to great weight and unless the decree be against the weight of the evidence, the judgment will be affirmed.

B. F. GRAZIANI for appellant.

R. C. SIMMONS for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This action was instituted by three of the daughters of D. C. and Martha Kennedy, deceased, alleging that the estates of the decedents were indebted to divers persons in the aggregate sum of about $5,500.00, and averring that it was necessary in order to pay said indebtedness, to sell all of the real estate belonging to the estates of D. C. and Martha Kennedy, a description of which was set out in the pleading. The pleading also averred that the lands were indivisible. This last allegation as well as the amount of the indebtedness was controverted by some of the other children. An amended petition was filed, and the court upon the record determined that the lands were susceptible of division in kind among the six children of the Kennedys, and appointed two commissioners to make the division and allotment. Before these commissioners had proceeded far with the work they

each resigned, and on the joint motion of all parties to the action three other commissioners were named to divide and allot all of the larger tracts of land among the six children, and ordered certain of the smaller tracts sold as indivisible. These commissioners went upon the premises and made a division of the lands according to the judgment, and reported the same to the circuit court. To this report of the commissioners T. Platt Kennedy filed exceptions, especially to the allotment of the tract of about twenty acres of land to his brother, S. H. Kennedy, and also because the report awarded to the exceptor, T. Platt Kennedy, two separate parcels of land. He insisted that the two parcels of land were worth much less than the tract awarded to his brother, S. H. Kennedy. Before this division and allotment were made by the commissioners an agreed order was entered on July 8, 1913, whereby the commissioners were directed to divide the lands equally between Susan F. Kennedy, Alice E. Kennedy, T. Platt Kennedy, S. H. Kennedy and Mary I. Eubanks, "so that each parcel shall be equal in value and composed of contiguous lands if possible, that is to say, that it is not the intention of this order to divide each of the three tracts hereinafter described into six parcels, but that each parcel is to lie as nearly as possible in one tract." S. H. Kennedy and one or more of the daughters owned land adjoining the lands to be divided, and it was the province of the commissioner in dividing and allotting the lands to lay off to the owner of adjacent lands his or her share of the estate next to the land already owned by such child. In following this part of the order the commissioners allotted about twenty acres of land from the estate to S. E. Kennedy adjacent to a boundary of land already owned by him and on which he resided. This twenty-acre tract of land lies between a pike on the north and a railroad on the south, a second pike on the west and a creek and the outside boundary on the northeast. The portion allotted to T. Platt Kennedy lies partly to the southeast of the tract, and partly to the northwest thereof, and entirely separated by the tract allotted to his brother, S. H. Kennedy. The combined acreage in his two tracts however is greater than the acreage of the tract awarded to his brother, S. H. Kennedy.

The questions of law involved on this appeal are not difficult. The chief question being one of fact.

It is the contention of the appellant, T. Platt Kennedy, that the lands awarded to him are less valuable by several hundred dollars than that awarded to his brother, S. H. Kennedy; and further that the tracts awarded to him, being separated by so great a distance, are rendered even less valuable as a farm. To prove this on the hearing of the exceptions to the report of the commissioners, T. Platt Kennedy called several witnesses and also testified himself. Several of his witnesses gave it as their opinion that the lands awarded to S. H. Kennedy were of much greater value than that awarded to appellant, and appellant emphasizes the fact that he had offered to exchange tracts with his brother and give his brother a bonus of $500.00. S. H. Kennedy did not testify, but he called quite a number of witnesses, several of whom were wholly disinterested, and some of whom have a special knowledge of the value of real estate in that vicinity, who gave it as their opinion that the lands allotted to appellant were of equal or greater value than that awarded to his brother, S. H. Kennedy. In fact, it appears that a majority of the impartial witnesses upon the hearing and who were best qualified to speak upon the subject of the value of the properties involved, inclined to the opinion that the lands awarded appellant, T. Platt Kennedy, were an equal and fair portion of the landed estate of his father and mother.

These facts were submitted to the chancellor who, after careful consideration of all the questions involved. overruled the exceptions of appellant, T. Platt Kennedy, to the report of the commissioners and confirmed the report, and of this order he complains. At the same time the court had before it a question of cost which had also been referred to the commissioners and upon which the commissioners had reported in writing to the court and this report was also confirmed over the objection and exception of T. Platt Kennedy.

It is further a rule of this court not to disturb the finding of the chancellor unless it be against the weight of the evidence. Salmon v. Martin, 156 Ky. 309; McDowell v. Edwards' Admr., 156 Ky. 475; Hays v. Hays, 180 Ky. 790; Herzog, et al. v. Gipson, et al. 170 Ky. 325; Thomas v. Vallandingham, et al., 181 Ky. 649; Willoughby v. Reynolds, 182 Ky. 1; Superior Coal Co. v. Runyon, 184 Ky. 255.

We do not regard the finding of the chancellor overruling the exceptions and confirming the report as against the weight of the evidence, but we incline to the opinion that it is fully sustained by the evidence.

We do not attach any importance whatever to the fact that the commissioners, whom we must presume to be honorable, discreet citizens, visited the home of appellee, S. H. Kennedy, and had dinner at his house, nor to the claim of appellant that he was discriminated against because of the fact he lived in the city of Cincinnati.

It is true that the cost taxed against appellant amounts to a considerable sum, but he is largely responsible for the size of the record and, therefore, for a greater part of the cost.

Finding no error to the prejudice of appellant, the judgment is affirmed.

Judgment affirmed.