## Moore v. Newsom.

(Decided May 31, 1932.)

J. B. CLARKE for appellant.

C. B. WHEELER for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

J. E. Hall and Mary Hall were husband and wife. Mary Hall acquired title by descent, prior to 1894, to a tract of land situated in Floyd county, Ky. There were born to J. E. and Mary Hall, two daughters, named Hattie and Rebecca. Hattie married Henry Moore, and Rebecca, John D. Clark. To Henry Moore and Hattie Hall Moore, there was born one child named Dakota Moore, who married Casey Newsom. Hattie Hall Moore died in 1905, leaving her husband and daughter surviving her. Hattie Hall Moore and Rebecca Hall Clark inherited from their mother the land owned by her at the time of her death, subject to the marital rights of J. E. Hall. His wife, Mary Hall, having acquired title to the land owned by her at the time of her death prior to 1894,

and children having been born alive during her marriage to J. E. Hall, he was entitled to the common-law right of curtesy in her land. Section 2132, Ky. Statutes; Rose v. Rose, 104 Ky. 48, 46 S. W. 524, 20 Ky. Law. Rep. 417, 41 L. R. A. 353, 84 Am. St. Rep. 430; Mitchell v. Violett, 104 Ky. 77, 47 S. W. 195, 20 Ky. Law Rep. 378; Dillon v. Dillon, 69 S. W. 1099, 24 Ky. Law Rep. 781; Gaines v. Hill, 147 Ky. 445, 144 S. W. 92, 39 L. R. A. (N. S.) 999.

. The estate in curtesy of J. E. Hall in the land of Mary Hall was existing at the death of Hattie Hall Moore in 1905. Consequently, on the death of Hattie Hall Moore, Henry Moore was not entitled to a marital interest in the land in which J. E. Hall had curtesy. Two distinct life estates, that is a common-law curtesy and the right of a surviving husband under section 2132, Ky. statutes, cannot exist in the same land at the same time. Merrifield v. Merrifield's Assignee, 82 Ky. 526.

After the death of Mary Hall, J. E. Hall sold and conveyed his curtesy in the land owned by her at her death to Henry Moore and John D. Clark. His deed to them has not been made a part of this record, nor can the date of its execution and delivery be determined from the record. Its execution, delivery, and existence are not disputed. For the one-half interest of J. E. Hall's curtesy in the land, Henry Moore paid to him $250. After the death of Hattie Hall Moore, Henry Moore qualified as guardian of Dakota Moore. As guardian he received of the estate of his wife, the mother of Dakota, $518 on January 5, 1909. Dakota Moore by Henry Moore, as her guardian, filed an action against Rebecca Hall Clark and J. D. Clark in the Floyd circuit court, for a division of the land between Dakota Moore and Rebecca Hall Clark which was acquired by inheritance from Mary Hall. It was accordingly divided between them, and deeds of partition were executed and delivered by the master commissioner, conveying the land respectively allotted to them. Henry Moore took possession of the portion allotted Dakota, cut and removed therefrom timber, rented and received the rents until her marriage, when she removed to and occupied it.

She filed this action in 1923 to require Henry Moore as her guardian to account to her for the personal estate received by him, and the rent and the value of the timber removed by him. In his answer he asserted the right to

the rent under his purchase of the curtesy of J. E. Hall and justified his cutting and removing the timber on the ground that the improvements made by him exceeded in value the timber. He sought to charge Dakota with the rent on the land during the time she had occupied it, and claimed credit on the $518 for items furnished to her during infancy, including the amount expended by him by way of attorney's fee and costs in the action to divide the land between her and Rebecca Hall Clark.

The court decreed that he account to Dakota Moore Newsom for the $518, with interest from January 25, 1909, amounting to $621.60, a total of $1,139.60; and that he account to her for $20 rent received by him as gas rental; $300 for his use and rent of the land, and $125 for timber cut and sold by him, all amounting to $1,584.-60, subject to credits of $250, the price paid to J. E. Hall for his curtesy, $40 attorney's fee, $25 costs incurred in the division of the land, and $79.23 for his services as guardian, totaling $394.23, leaving the balance due Dakota, $1,190.37, for which judgment was rendered against him, from which he appeals.

Without detailing the evidence, we may safely say that it fully sustains the judgment of the chancellor. Indeed, counsel for appellant does not contend seriously, the contrary, except to insist that the court should have decreed him the owner of the curtesy right of J. E. Hall, or allowed to him credit for the $250 as of date of its payment. The appellee in avoidance of the appellant's pleading setting up title to the curtesy of J. E. Hall interposed a plea of estoppel, based on the charge that appellant had waived his right to curtesy by instituting and prosecuting the action for partition of the land, and his failure in it to assert or claim his right to the curtesy. The trial court sustained this plea of estoppel and from the evidence it is manifest no error was committed in so doing. Accepting this as the correct theory of the case, the judgment should have allowed the appellant credit by the $250 on the $518 as of date of its payment to J. E. Hall. It was not proper to charge appellant with interest on the $518 and to deny him credit by the $250, and in this the court erred. We are unable from the record to ascertain the date of the payment of the $250. The court may yet hear evidence as to its date.

Wherefore the judgment is reversed for proceedings consistent with this opinion.