## Turner v. Smith.

February 10, 1948.

W. J. Baxter, Judge.

552

Eversole & Eversole for appellant.

G. Murray Smith for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

Appellant, plaintiff below, appeals from an order sustaining demurrer to her petition and dismissing it on her declining to plead further. The petition alleged that Mrs. Turner and Mrs. Lillie Smith, then wife of appellant, entered into written executory contract whereby Mrs. Smith in April, 1943, bound herself to convey to appellant about 1¼ acres of land in Madison County for $175. Ten Dollars was then paid on the purchase price, and small payments were made thereafter, until in December, 1944, the balance was $75. In that month appellant (who lived in another state) mailed by registered letter to Mrs. Smith in Lexington a check for $15 to be applied on the balance.

This letter was returned to appellant with the information that Mrs. Smith was dead, and that the husband (appellee) was her sole survivor, and did not desire to carry out the contract. Suit was then filed alleging the foregoing facts, and asking the court to direct the Master Commissioner to convey the land to her, subject to the curtesy rights of the husband. The pleading alleged that the husband had not signed the contract, and the balance due on the purchase price was tendered.

It is agreed in both briefs that the court sustained demurrer on the ground that the husband had not joined in the contract, basing his decision on that part of Sec. 404.020, which provides that a married woman "may not make any executory contract to sell or convey or mortgage her real estate, unless her husband joins in the contract."

Appellant contends that the Act of 1942 (Session Acts 1942, Ch. 152) which extends to a married woman the right to convey or encumber her real estate, but such sale or encumbrance does not bar the husband's right of curtesy, repeals so much of Sec. 404.020, KRS, as prohibited the making of an executory contract to sell her real estate without joinder by the husband.

The case is well briefed by both parties, who agree that the question presented is one of first impression, and we find this to be true. However, we had this precise question in the appeal of Sol. Schaengold v. Rose M. Behen, this day decided, in which we went into the history of such statutes as involved a married woman's right to sell, convey or encumber her real estate, and the right to make executory contracts in relation thereto. We held that the Act of 1942, Sec. 404.030, KRS, in part, had the effect of impliedly repealing relative portions of former Acts, and that part of Sec. 404.020, KRS, in conflict. We concluded by saying: "When the legislature in 1942 gave a married woman the right to sell, convey or encumber her lands without her husband joining, it gave her the right to enter into an executory agreement to do so without her husband joining and we do so hold." That holding is conclusive of the question presented here, with the result that the judgment must be and is reversed for proceedings consistent herewith. The case adverted to above will be found in 306 Ky. 544, 208 S. W. 2d 726.

Judgment reversed.