Hazel W. FAULKNER et al., Appellants,

v.

Ethel TERRELL et al., Appellees.

Court of Appeals of Kentucky.

Feb. 17, 1956.

J. B. Johnson, Harlan, J. J. Tye, Barbourville, for appellants.

Victor A. Jordan, Barbourville, for appellees.

MONTGOMERY, Judge.

J. A. Warfield died in 1948, leaving surviving as his widow, Louisa Warfield, and eight children, including two daughters, Hazel Faulkner and Ethel Terrell. By his will, the decedent gave his widow a life estate in 53¼ acres of land known as the "home" tract and 26¾ acres known as the "mountain" tract. The tracts did not adjoin but were in the same section of Knox County. The remainder interest in the land was to be divided equally among his children. Hazel Faulkner and her husband purchased the undivided interest of six of her brothers and sisters, making them the owners of ⅞ undivided interest, with Ethel Terrell owning the remaining ⅛ interest.

On January 19, 1952, Ethel Terrell and Louisa Warfield, owners of an undivided ⅛ interest and life estate, respectively, filed a petition in equity against Hazel W. Faulkner and her husband, Elmer Faulkner, owners of the undivided ⅞ interest, asking that these two tracts of land be divided between the joint owners, subject to the life estate of the widow. Ethel Terrell owned other lands adjoining the "home" tract, and she asked that her part of the lands to be divided be laid off adjoining her lands. Hazel W. Faulkner and her husband answered, admitting that the lands could be divided and asking that each of the tracts be divided in proportion to the undivided interest of each joint owner therein. It was admitted by the pleadings that the lands were divisible, but an issue was raised as to whether the share of Ethel Terrell should be laid off adjoining her other lands or whether the two separate tracts should each be divided in proportion to the undivided interest of each joint owner therein, as sought by appellants.

On these pleadings, the lower court entered a decree adjudging that the lands

could be divided without materially impairing the value of the interest of each joint owner therein, and further adjudging:

"That the two tracts set out and described hereinafter be divided between the plaintiff, Ethel Terrell, and Hazel W. Faulkner and her husband, Elmer Faulkner, according to quality, quantity, and value and in the follow proportion: One-eighth (⅛) to the plaintiff, Ethel Terrell, and Seven-Eighths (⅞) to the defendants, Hazel W. Faulkner and her husband, Elmer Faulkner."

Commissioners were appointed to divide the lands and they filed their report showing their division. The "home" tract, consisting of 48.80 acres, contained the usual improvements on a small farm and lay on the west side of Indian Creek. It consisted of tillable and pasture land between the creek and the highway, with the improvements and some rough land on the eastern portion. A state highway crossed this tract, roughly parallel to Indian Creek. The "mountain" tract consisted of about 32 acres of unimproved land, with an outlet to a county road, and was located a short distance from the "home" tract. The lands of Ethel Terrell were located adjacent to, and north of, the "home" tract. The commissioners, by their report, awarded to Ethel Terrell as her share in the lands to be divided a narrow strip of land consisting of 9.79 acres, located on the north side of the "home" tract, extending from the mountain or rough land on the east across the state highway to Indian Creek on the west boundary of the "home" tract, and adjoining other lands owned by her. The remaining 39.1 acres of the "home" tract, including all improvements, as well as the "mountain" tract, were awarded to the appellants as their share.

In addition to the land awarded Ethel Terrell, there also was given to her a road or passway, 16 feet in width, over the land allotted to appellants, from the barn near the hollow on appellants' "home" tract to the tract awarded Ethel Terrell and connecting with the right of way of appellants from the barn to the highway right of way.

Appellants filed exceptions to the commissioners' report of division, based upon 21 objections. The lower court, by its judgment, overruled the exceptions, confirmed the report, and ordered that deeds be made to the parties for their respective interests in the lands as described therein.

Appellants contend that this action, tried entirely under the Civil Code of Practice, was an equitable one for partition under Civil Code of Practice, § 499, subd. 16, as distinguishable from one to divide lands owned jointly, prosecuted by filing a petition either in the circuit court or county court, as provided in Civil Code of Practice, § 499, subd. 1. This action was commenced by filing a petition in equity, and from our consideration of the record, we have concluded that it was an equitable action for partition under Civil Code of Practice, § 499, subd. 16, as contended by appellants. As such, this action is very similar to the one considered in Howard v. Long, 238 Ky. 822, 38 S.W.2d 951.

The Howard v. Long litigation referred to, on various issues, was presented to this Court on two other appeals: Long v. Howard, 229 Ky. 369, 17 S.W.2d 207, and Long v. Howard, 260 Ky. 323, 75 S.W.2d 742. Primarily, we are concerned with the similarity of the issues presented on the second appeal of that case. Both parties to the instant appeal have cited the opinion on the second appeal of that litigation as authority for their respective positions herein.

In Howard v. Long, 238 Ky. 822, 38 S.W. 2d 951, the questions presented concerned the action of the commissioners in allotting to Rosa Howard Long her undivided ⅙ interest in her father's lands adjacent to other property which she owned and declaring a right of way to the land so as to use it with her adjacent land. The commissioners allotted to her 16.4 acres and to U. S. Howard 73.6 acres as their respective shares in the lands to be divided, and allotted a 20-foot right of way over the tract allotted to U.

S. Howard for the benefit of the tract allotted to Rosa Howard Long.

■ Appellants here contend that the judgment directed the commissioners to lay off to each joint owner their respective interest in each of the two tracts and that the judgment was erroneous because it did not conform to the relief sought by appellants in their answer. This ignores the pleading of Ethel Terrell, asking that her share in the lands be laid off adjoining other lands owned by her. No reply was filed to the answer of appellants on this issue, but the issue will be treated as raised since each party, by respective pleadings, asserted the manner in which the land should be divided.

■ The contention of appellants in this respect is without merit since it is the equitable rule to lay off a portion to each cotenant adjoining the lands owned by him, if this can be done without material injury to the other cotenant, or, if this cannot be done, then so to allot the lands as to serve best the convenience of all the parties. In such an equitable action, the parties may make by their pleadings whatever issues concerning the division of the land they may deem best and proper for their respective interests, and the court should try, and dispose of, such issues and adjudge the rights of the parties commensurate with the proven facts according to established principles of equity as in any other equitable action. This is the rule laid down in Howard v. Long, mentioned above. It also has been followed in Laferty v. Robinson, 241 Ky. 512, 44 S.W.2d 524; Owings v. Talbott, 262 Ky. 550, 90 S.W.2d 723; Ratliff v. Yost, 263 Ky. 239, 92. S.W.2d 95, and Kirk v. Maynard, 298 Ky. 576, 183 S.W.2d 547.

■ The judgment plainly directed that the two tracts of land should be divided between the joint owners according to quality, quantity, and value, and in their respective proportions. Nowhere did the judgment direct that each tract should be divided between the parties in accordance with their undivided interests. Great injustice might well result from a division of either or both of the two tracts between these parties according to their proportionate interests. Such a division would not be in accord with the equitable principles governing such cases, and the judgment was correct in this respect.

■ Much conflicting testimony was introduced by each party with reference to the exceptions to the commissioners' report. It is the rule that a report of division of land by disinterested commissioners should not be set aside when there is substantial evidence to support it. Lang v. Constance, 46 S.W. 693, 20 Ky.Law Rep. 502; Ratliff v. Yost, 263 Ky. 239, 92 S.W.2d 95. This is especially so on appeal where the report has been confirmed by the Chancellor. Noel v. Noel, 235 Ky. 759, 32 S.W.2d 336; Begley v. Skaggs, 288 Ky. 649, 157 S.W.2d 279; Purcell v. Purcell, 303 Ky. 478, 198 S.W.2d 43. Unless the finding of the Chancellor overruling the exceptions and confirming the report is against the weight of the evidence, it will not be disturbed. Kennedy v. Kennedy, 186 Ky. 549, 217 S.W. 891; Bowen v. Boughner, 189 Ky. 107, 224 S.W. 653. We have concluded that the finding of the Chancellor was amply supported by evidence except the issue raised concerning the roadway.

■ Appellants urge that no roadway should have been allotted to Ethel Terrell. In Howard v. Long, 238 Ky. 822, 38 S.W.2d 951, the commissioners created and established a passway on the lands of U. S. Howard for the benefit of the land allotted to Rosa Howard Long. It was there held that the commissioners were without right to create such a passway. The roadway allotted to Ethel Terrell over appellants' land in the instant case was an old roadway to the barn on appellants' tract, but from the barn leading to the tract allotted to appellee a new roadway was created by the commissioners. This action by the commissioners exceeded their authority. On a return of the case, if appellee Terrell is willing to accept the allotment as made by the commissioners without the roadway, by appellee's consent, this may be done;

otherwise, appellants' exception to the commissioners' report should be sustained with appropriate, subsequent action to be taken.

An allowance of $200 as fee was made, pursuant to written motion, to the attorney for Ethel Terrell, to be taxed and paid as cost by the parties in proportion to their respective interests in the lands. Appellants contend that no such allowance should be made because this was a contested action. The parties agreed that the land was divisible. The contest developed over how the land should be divided. We find this to be a reasonable fee for the services of the attorney in bringing the action and prosecuting it to the point when exceptions were filed to the commissioners' report. Each party shall compensate the respective attorneys for their services rendered, beginning with the filing of exceptions and the resulting contest thereover, including this appeal.

The next ground for reversal urged by appellants presents a more serious question. They contend that Jasper Terrell, husband of Ethel Terrell, who was living during the time of the litigation, was a necessary and proper party to the action.

At the beginning of this action, Louisa Warfield had a life estate in both tracts of land. The second judgment entered on August 14, 1954, confirming the commissioners' report and ordering the deeds, recited that Louisa Warfield was then dead, without giving the date of her death. She was living at the time of the entry of the first judgment, holding the lands to be divisible and ordering a partition, subject to her life estate. Ethel Terrell testified on September 29, 1953, that her mother was living and 78 years of age. An examination of the record does not disclose the date of her death, which would appear to have been some time between September 29, 1953, and August 14, 1954.

The date of death of Louisa Warfield, holder of the life estate in the lands in controversy, is important as being the date when the remaindermen, parties to this action, would become seised. Upon the death of the life tenant, Ethel Terrell became seised of an estate in fee simple of her undivided ⅛ interest and, subsequently, of the land allotted as her share. Since this was during coverture, Jasper Terrell, as her husband, became entitled to an inchoate right of curtesy under KRS 392.020, concurrently with the seisin in fee simple of his spouse at the death of the life tenant. Maryland Casualty Co. v. Lewis, 276 Ky. 263, 124 S.W.2d 48. Prior to that time, he was not a necessary or proper party to the action since his wife was not seised of her estate in fee simple due to the prevailing life estate. Moore v. Calvert, 6 Bush, 356; Fontaine v. Dunlap, 82 Ky. 321, 6 Ky.Law Rep. 201; Hawkins v. Lambert, 18 B.Mon. 99, 107; Parsons v. Justice, 163 Ky. 737, 174 S.W. 725; Chilton v. Chilton, 217 Ky. 258, 289 S.W. 275, and Moore v. Newsom, 244 Ky. 333, 50 S.W.2d 945.

Appellee Terrell urges that her husband was not a necessary or proper party to this action, since KRS 404.010(1) provides as follows:

"Marriage shall give to the husband, during the life of the wife, no estate or interest in the wife's property, real or personal, owned at the time or acquired after the marriage. During the existence of the marriage relation the wife shall hold and own all her estate to her separate and exclusive use, and free from the debts, liabilities or control of her husband."

However, KRS 392.020 provides that the surviving spouse, after death of either the husband or wife, shall have an estate for his or her life in one-third of all the real estate of which the other spouse was seized of an estate in fee simple during coverture unless barred, forfeited or relinquished. Prior to the enactment of this statute the husband's right was contingent upon issue being born alive. Decker v. Decker, 205 Ky. 69, 265 S.W. 483. Under KRS 392.020, the right of the surviving spouse is not dependent upon issue being born, but the inchoate right attaches at the moment the wife, in this case Ethel Terrell, became seized in fee simple during cover-

ture. The enjoyment of this right is contingent upon the husband surviving his wife.

KRS 404.030 provides that no conveyance or incumbrance of the wife shall bar the surviving husband's right of curtesy unless he joins in the conveyance of incumbrance, or releases his right by a separate instrument. Schaengold v. Behen, 306 Ky. 544, 208 S.W.2d 726; Turner v. Smith, 306 Ky. 551, 208 S.W.2d 731. Thus, the surviving husband's right in appellee's land in controversy is recognized. From and after the date of death of the life tenant, Jasper Terrell, appellee's husband, was a necessary and proper party to this action.

From the record, it is found that Jasper Terrell took an active interest in this litigation. He was present when the division of the lands was made. He testified in behalf of his wife. He made an affidavit which indicated that he had been present in court on two previous occasions when the question of submission of the action was involved. Criticism is directed toward appellee and her counsel for failure to make Jasper Terrell a party to the action. However, appellants and their counsel are not free from similar criticism. They, undoubtedly, knew throughout the litigation that Jasper Terrell was not a party, and of his relationship to Ethel Terrell. In fact, he stated, in answer to a question asked by appellees' counsel on recross examination, that he was not a party. Therefore, the criticism that appellee wanted to wait and raise this question later in the event of an unfavorable judgment applies with equal ease and force to both parties. Presumably, each was willing to take the chance on a defective title rather than take the necessary steps to make Jasper Terrell a party to the action, as either party could probably have done.

In Burchett v. Clark, 162 Ky. 586, 172 S.W. 1048, 1051, a situation similar to the instant case arose. In an action for partition of lands, two of the plaintiffs died, pending the action, leaving heirs at law. The action was not revived nor were the heirs of the deceased plaintiffs made parties before the cause proceeded to judgment. At the time the opinion was rendered, the heirs of the deceased plaintiffs had not been made parties and the appellants, as here, contended that the judgment was void in its entirety. The Court said:

"We cannot agree with this contention. The plaintiffs and defendants were tenants in common, and any one or more of the plaintiffs had a right to prosecute an action against their cotenants, the defendants, who were asserting an adverse and sole ownership of the common estate. Young v. Adams, 14 B.Mon. 127, 58 Am.Dec. 654. So that, conceding that portion of the judgment which adjudges to Edmond Clark and to Addison Clark each an undivided one-tenth interest in the lands sought to be divided herein is invalid as to those claiming under them, because of their death pending the action, without revivor, still the defendants were adjudged to be the owners of an undivided one-tenth interest, and, that being all they were entitled to, they have no valid complaint of the judgment in that respect."

Making Jasper Terrell a party would not have increased the amount of land allotted to appellants, but failure to do so would affect it only so far as their title thereto might be defective.

In Blue v. Waters, 114 Ky. 659, 71 S.W. 889, 24 Ky. Law Rep. 1481, a division made was thereafter accepted and ratified by tenants in common who were not before the court when the partition was effected, thereby validating the proceedings had. The appellants are entitled to have a good title, free from any claim of Jasper Terrell as the surviving husband of appellee.

Therefore, insofar as the judgment failed to divest Jasper Terrell of his right, as surviving spouse of appellee, in the lands allotted appellants, it is reversed with directions that Jasper Terrell be permitted to become a party to this action and accept or ratify the partition and proceedings. and upon his failure so to do, appel-

lants are directed to have Jasper Terrell made a party to the action before effecting the partition sought, and for proceedings consistent herewith in respect to the roadway; otherwise, the judgment is affirmed. The cost on appeal shall be paid one-half by appellants and one-half by appellee Ethel Terrell.